UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES D. GRIEPSMA,<br><br>                  Plaintiff,<br><br>    v.<br><br>ANDERSON, *et al.*,<br><br>                  Defendants. | CASE NO. C19-181-RSM-MLP<br><br>REPORT AND RECOMMENDATION |

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff James Griepsma has been granted leave to proceed *in forma pauperis*. (Dkt. # 8.) Plaintiff identifies twenty-five Defendants in his amended complaint. (Dkt. # 12.) However, this Court finds that Plaintiff has failed to state a claim upon which relief may be granted as to twenty-three of the twenty-five named Defendants. This Court therefore recommends that this action be dismissed without prejudice as to those twenty-three Defendants, who will be specifically identified below, and that Plaintiff be permitted to proceed with respect to the two remaining Defendants.

REPORT AND RECOMMENDATION - 1

## II. DISCUSSION

On February 19, 2019, Plaintiff submitted his original civil complaint to the Court for filing. (*See* Dkt. # 4-1.) He alleged therein that his federal constitutional rights were violated during his incarceration at the Monroe Correctional Complex – Intensive Management Unit (MCC-IMU) and the Skagit Community Justice Center. (*See id*.) Specifically, Plaintiff alleges Defendants failed to protect him from unsafe conditions and subjected him to excessive force, delayed or denied him medical care, restricted his access to the courts, instituted a retaliatory transfer, subjected him to malicious prosecution and an unlawful DNA swab, and denied him evidence in a criminal investigation. (*Id.* at 3-20.) Plaintiff also alleges Defendants falsified his medical records and obtained an incomplete medical history. (*Id.* at 20-22.) Plaintiff requested relief in the form of a preliminary and permanent injunction, compensatory damages, punitive damages, costs, liens on the Defendants' assets, and for Defendants to be held in contempt. (*Id.* at 23-24.) Because of numerous deficiencies in Plaintiff's original complaint, the Court declined to serve that pleading, but granted Plaintiff leave to file an amended pleading by April 9, 2019. (Dkt. # 10.)

Plaintiff submitted an amended complaint on March 28, 2019. (Dkt. # 12.) It names the same defendants and alleges identical claims. (*Id.* at 2-3.) It appears page six through twenty-five of the amended complaint are photocopies of the original complaint, and it is signed and dated on February 10, 2019, the same date the original complaint was signed and dated. (*Id.* at 6-25.) Therefore, Plaintiff's amended complaint contains the same deficiencies as his prior pleading. However, Plaintiff has arguably identified some viable claims upon which he should be permitted to proceed. The Court discusses the viability of each of Plaintiff's claims below.

### A. Section 1983 Standard

In order to state a claim for relief under 42 U.S.C. § 1983, a Plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a Plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a Plaintiff must allege that a defendant's own conduct violated the Plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989).

### B. Failure to Protect and Excessive Force Claims

Plaintiff asserts that the following Defendants failed to protect him from unsafe conditions by not removing him from general population after he was publicly called a "rat": Deputy ("Dep.") Vaughn LaQuet, Dep. Elias Salinas, and Dep. Brianna Rogers. (Dkt. # 12 at 3-5.) Plaintiff also asserts he was subjected to excessive force by Sergeant ("Sgt.") Aaron McIntosh, Sgt. Paulie Storie, and Dep. Richard Eichman during an altercation that took place when Plaintiff was being escorted back to his cell following a court appearance. (*Id.* at 5-6.)

Both Plaintiff's failure to protect and excessive force claims mirror those he raised in a previous action, *Griepsma v. Wend, et al*, 16-1843-JLR, which the Honorable James L. Robart dismissed with prejudice. *Griepsma v. Wend, et al*, 16-1843-JLR (Dkt. # 109). *Res judicata* provides that "a final judgment on the merits bars further claims by parties or other privies based on the same cause of action." *United States v. Bhatia,* 545 F.3d 757, 759 (9th Cir. 2008) (*quoting*

REPORT AND RECOMMENDATION - 3

*Montana v. United States*, 440 U.S. 147, 153 (1979)). The disallowed claims are both those that were raised, and those that "could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997). *Res judicata* applies where there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Tritz v. U.S. Postal Serv.,* 721 F.3d 1133 (9th Cir. 2013) (*citing Glickman,* 123 F.3d at 1192). Because Plaintiff's failure to protect and excessive force claims against the parties were already dismissed with prejudice by Judge Robart, Plaintiff is legally barred from bringing the same claims in the instant action.[1] Accordingly, Plaintiff's claims against Defendants Dep. Vaughn LaQuet, Dep. Elias Salinas, Dep. Brianna Rogers, Sgt. Aaron McIntosh, Sgt. Paulie Storie, and Dep. Richard Eichman should be dismissed for failure to adequately allege a cause of action under § 1983.[2]

### C. Delayed Medical Care and Failure to Treat Medical Conditions Claims

Plaintiff asserts medical claims regarding alleged treatment, and lack thereof, for several injuries and a thyroid condition during his pretrial detention at Skagit Community Justice Center and the MCC-IMU. (Dkt. # 12 at 7-10.) A pretrial detainee's right to adequate medical care

---

[1] In Plaintiff's previous action, he alleged facts regarding Sgt. McIntosh, Sgt. Storie, and Dep. Eichman in his excessive force claim. *Griepsma v. Wend, et al*, 16-1843-JLR (Dkt. # 4.) Plaintiff also alleged facts regarding Dep. LaQuet and Dep. Salinas in his previous failure to protect claim. (*Id.*) Although Plaintiff did not allege any facts regarding Dep. Rogers in his previous failure to protect claim, she was a named defendant. In addition, her position as a deputy who Plaintiff alleges was present during the incident underlying his claim, had interests that are sufficiently close to those of the other Defendants to justify a finding of privity.

[2] Plaintiff does not name Dep. David Anderson or Dep. Guillermo Garcia as defendants but alleges some facts about them in his failure to protect claim. (Dkt. # 12 at 3-4). To the extent Plaintiff intends these individuals to be defendants, Plaintiff is legally barred by *res judicata* from bringing the failure to protect claim against them, and therefore any failure to protect claim against these individuals should also be dismissed for failing to adequately allege a cause of action.

REPORT AND RECOMMENDATION - 4

arises under the due process clause of the Fourteenth Amendment. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1120 (9th Cir. 2018). The elements of such a claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (quoted sources omitted)). A defendant's "mere lack of due care" is insufficient to state a Fourteenth Amendment claim. *Id.* (quoting *Castro*, 833 F.3d at 1071 (quoted source omitted)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quoting *Castro*, 833 F.3d at 1071).

> 1.  *Intensive Management Unit Counselor Harold P. Archibald, Billy Heinsohn, Sgt. Aaron Roos, and Sgt. Myish Opelencia*

Plaintiff identifies, among other defendants, Intensive Management Unit Counselor Harold P. Archibald, Billy Heinsohn, Sgt. Aaron Roos, and Sgt. Myish Opelencia as defendants who delayed and denied him medical care. (Dkt. # 12 at 8.) Plaintiff alleges that when he was told to discuss steps towards pursuing Offender Paid Healthcare with his counselor, Counselor Archibald directed Plaintiff to review a DOC policy regarding Offender Paid Healthcare. (*Id.*) He also alleges Counselor Archibald stated, "I am not a medical resource for you, nor am I your researcher or assistant." (*Id.*) He alleges Sgt. Roos stated to Plaintiff, "[i]f you fill out an offender request for Outside Health Services and sign it, then Skagit County will reimburse you." (*Id.* at

REPORT AND RECOMMENDATION - 5

8-9.) Plaintiff further alleges that he sent a kite to Sgt. Opulencia to which Mr. Heinsohn responded, "the cost associated is due by the inmate." (*Id.* at 9.)

Plaintiff's allegations regarding Defendants' comments about the Offender Paid Healthcare and payment of medical care are insufficient to establish a federal constitutional claim against Counselor Archibald, Mr. Heinsohn, Sgt. Roos, and Sgt. Opelencia. Plaintiff does not allege that they made an intentional decision with respect to Plaintiff's medical condition, put Plaintiff at substantial risk of suffering serious harm, failed to take reasonable measures to abate any risk, or caused Plaintiff any injury. Accordingly, Plaintiff's claim of delayed medical care and/or failure to treat his medical conditions against these Defendants should be dismissed.

### 2. ARNP Sue Baerg

Plaintiff alleges that in 2016, he was moved to the infirmary at the Skagit Community Justice Center where ARNP Sue Baerg was the health care provider. (Dkt. # 12 at 7.) He alleges she failed to appropriately respond to his serious medical needs which resulted in chronic pain. (*Id.*) Plaintiff also alleges ARNP Baerg made Plaintiff's x-ray results unavailable and delayed removing a cast and pin from his hand. (*Id*.) Plaintiff previously raised this medical claim against ARNP Sue Baeg in *Griepsma v. Wend, et al*, 16-1843-JLR, which the Honorable James L. Robart dismissed with prejudice. As discussed above, the doctrine of *res judicata* legally bars Plaintiff from bringing the same claim in the instant action. Accordingly, Plaintiff's claim of delayed medical care and/or failure to treat his medical conditions against ARNP Sue Baerg should be dismissed.

### 3. PAC Jacob Grillo and Dr. Julia A. Barnett

Plaintiff alleges Physician Assistant ("PAC") Grillo responded to Plaintiff's kite regarding breathing problems and a pre-diagnosed thyroid cyst by stating, "I'm not sure where to

REPORT AND RECOMMENDATION - 6

go from here, Any [sic] ideas other than surgery?" (Dkt. # 12 at 7.) Plaintiff also alleges PAC Grillo stated Plaintiff's right hand looked "very normal on Xray [sic]." (*Id.*) Plaintiff alleges PAC Grillo and Dr. Julia A. Barnett signed referrals that stated the Care Review Committee found further treatment medically unnecessary. (*Id.* at 8.) Plaintiff alleges PAC Grillo noted Plaintiff had "a protruding xyphoid process" but that it seemed "fix[ed] in place." (*Id.*) Plaintiff alleges that PAC Grillo and Dr. Julia A. Barnett signed a referral that stated the care review committee found a thyroid ultrasound medically unnecessary. (*Id.*) Plaintiff also alleges Dr. Barnett delayed scheduling an appointment to examine Plaintiff. (*Id.*) Plaintiff alleges that after having abnormal blood draw results, PAC Grillo stated "[t]he only abnormal lab is the HDL 33.8 normal 74.0. This is nothing to be concerned about." (*Id.* at 9.) Plaintiff further alleges that Dr. Akerlund gave approval for three medical referrals, but when Plaintiff submitted a letter to Dr. Awold asking when he would be seen for the referrals, PAC Grillo responded by saying "not sure yet. Probably a couple of months though." (*Id.*)

A difference of opinion between an inmate and medical authorities regarding proper medical treatment does not give rise to a § 1983 claim. *Franklin v. Oregon, State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). Here, Plaintiff's allegations regarding PAC Grillo's medical opinions and his signatures on the Care Review Committee's findings that various treatments were medically unnecessary are not sufficient to state a claim. Similarly, Plaintiff's allegations regarding Dr. Barnett's signatures on the Care Review Committee's findings are insufficient to state a claim and should be dismissed.

However, Plaintiff's bare allegation that Dr. Barnett delayed Plaintiff's medical appointments, which he alleges caused him, *inter alia*, constant pain, breathing difficulties, anxiety, and depression, has arguably stated a viable claim. (Dkt. # 12 at 10.) Accordingly,

REPORT AND RECOMMENDATION - 7

Plaintiff's claim of delayed medical care claim by delaying his medical appointments should be permitted to proceed against Dr. Barnett.

### D.     Denied Access to Courts Claim

#### 1.     *Sgt. Lecia Kelley and Sgt. Paulie Storie*

Plaintiff alleges that while he was in custody of the Skagit County Jail in 2016, his pro se legal box and other legal supplies were removed from his cell during a cell extraction. (Dkt. # 12 at 10.) He alleges Sgt. Lecia Kelley was in charge of the cell extraction and responsible for taking his materials. (*Id.*) He alleges that twelve days later, he was transferred to MCC-IMU where pro se legal boxes, hard back criminal law books, and other legal materials are not allowed. (*Id.*) He also argues that in 2018, Sgt. Paulie Storie responded to Plaintiff's inmate request form by stating "[a]ll Pro Se material is now available thru the s-phone the same way you sent your request. Law library access is now done thru the s-phone along with any other research you need to do. We no longer supply a box with paper, pens and request slips." (*Id.* at 10-11.)

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause. *Id.* at 821. To establish a violation of the right of access to courts, an inmate must allege both that he was denied access to legal materials or advice and that this denial harmed his ability to pursue non-frivolous legal action; that is, the inmate must show actual injury. *Lewis v. Casey*, 518 U.S. 343 (1996).

Here, Plaintiff fails to allege sufficient facts demonstrating how Sgt. Kelley and Sgt. Storie personally participated in violating his right of access to the courts. Plaintiff fails to allege any injury resulting from not having his legal materials for twelve days after the alleged cell extraction and, similarly, fails to allege any injury resulting from Sgt. Storie providing Plaintiff

REPORT AND RECOMMENDATION - 8

an explanation of how he could access pro se material. Plaintiff alleges inmates are only given a limited amount of time out of their cells to access the legal materials, and must balance that time with sanitation and personal hygiene. (Dkt. # 12 at 11.) If Plaintiff is attempting to raise a claim against the MCC-IMU's policy regarding access to legal materials, he has not named Monroe County as a defendant. Accordingly, Plaintiff's access to courts claim against Sgt. Kelley and Sgt. Storie should be dismissed.[3]

### 2. *Miriam Dominique Kastle and Arben Kullojka*

Plaintiff alleges Miriam Dominque Kastle kept DVDs of discovery regarding his on-going criminal matter on her desk for approximately four months without giving them to him. (Dkt. # 12 at 14.) He also appears to allege that even after he was given the DVDs, he has been unable to review the them because whatever device he is using cannot support them, they have been altered or tampered with, and some DVDs are missing. (*Id.*) He alleges this prohibits him from effectively representing himself in his criminal case. (*Id.*) Plaintiff also alleges Arben Kullojka denied Plaintiff his right to be present during legal photocopying and scanning. (*Id.* at 13.) The Court finds that Plaintiff has arguably stated a viable claim for relief against Ms. Kastle, however, Plaintiff's claim against Mr. Kullojka should be dismissed for failure to allege any injury from not being present during photocopying and scanning.

### 3. *Remaining Defendants*

In addition to the allegations against Sgt. Kelley, Sgt. Storie, Ms. Kastle, and Mr. Kullojka, Plaintiff asserts a conclusory allegation that Sheriff Reichandt, Sgt. Anderson, John

---

[3] Plaintiff also asserts a violation of Due Process, alleging that a prison staff member responded to his grievance without identifying his or her name. (*Id.*) Plaintiff does not identify any of the named defendants in relation to this assertion. Given the absence of any named Defendant or an adequate factual foundation to support a claim, this allegation should be dismissed.

REPORT AND RECOMMENDATION - 9

Campbell, Superintendent Michael Obenland, and Superintendent Jack Warner denied him access to the courts. (Dkt. # 12 at 11.)

A supervisor can be held personally liable only if a complaint sufficiently alleges (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional right. *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369–70 (9th Cir. 1986), *disapproved of on other grounds Canton v. Harris*, 489 U.S. 378, 388 (1989); *Rodriguez v. Cty. Of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018). This causal link is established either by the direct personal participation of the supervisor or by the supervisor's initiation of a "series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* at 1370 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

Plaintiff's claims against Superintendent Obenland and Superintendent Warner fail because he does not allege any personal participation in a constitutional deprivation. Plaintiff also fails to allege facts establishing a sufficient casual connection between any wrongdoing and a constitutional right by either Defendant regarding Plaintiff's access to the courts. Further, in the Court's order declining service of his original complaint (dkt. # 10), the Court declined to serve this claim against Sheriff Reichardt, Sgt. Anderson, and Mr. Campbell because it was unclear if Plaintiff was alleging that these individuals personally participated in creating and implementing the agreement at issue in this claim, or whether he considered them responsible solely as a result of their supervisory roles with the Skagit County Sheriff's Office, Monroe Correctional Complex, and Department of Corrections. Because Plaintiff submitted an identical claim without correcting this deficiency, the Court also dismisses this claim against these three Defendants.

REPORT AND RECOMMENDATION - 10

### E. Retaliation for Exercising Right to Self-Representation and Retaliatory Transfer Claims

*1.    Sheriff Reichardt, Sgt. Anderson, and Mr. Campbell*

Plaintiff asserts a retaliation claim for exercising right to self-representation and a retaliatory transfer claim against Sheriff Reichardt, Sgt. Anderson, and Mr. Campbell. (Dkt. # 12 at 12-16.) As stated above, it is unclear if Plaintiff alleges these individuals personally participated in creating and implementing the agreement at issue in these claims, or whether he considers them responsible solely as a result of their supervisory roles. Because Plaintiff failed to correct this deficiency, the Court dismisses these claims against these Defendants. [4]

### F. Malicious Prosecution by the State Claim

*1.    Skagit County Prosecutor Sloan G. Johnson and Public Defender Adam J. Yanasak*

Plaintiff alleges a claim of malicious prosecution against Skagit County Prosecutor Sloan G. Johnson and Public Defender Adam J. Yanasak. The Supreme Court of the United States has held that, in light of common law immunity principles, persons who perform official functions in the judicial process are absolutely immune from liability for damages under 42 U.S.C. § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983). Prosecutors have specifically been accorded absolute immunity from § 1983 claims for acts done within the scope of their official duties. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Further, when public defenders are acting in their role as advocate, they are not acting under color of law for § 1983 purposes. *See Georgia v.*

---

[4] Plaintiff also alleges a retaliation for exercising his right to self-representation against Mr. Yanasak, Plaintiff's public defender, alleging he failed to make an objection on the record regarding the fact MCC-IMU would not allow him to have law books. (Dkt. # 12 at 12-13.) As will be discussed below, Plaintiff fails to show Mr. Yanasak acted outside his role as advocate, and therefore this claim should be dismissed.

REPORT AND RECOMMENDATION - 11

*McCollum*, 505 U.S. 42, 53 (1992); *Polk Cty. v. Dodson*, 454 U.S. 312, 320–25 (1981); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

Plaintiff fails to demonstrate that Mr. Johnson acted outside the scope of his official duties as a prosecutor in the course of the criminal prosecution of Plaintiff.[5] Even if Plaintiff could assert a viable constitutional claim against Mr. Johnson that would fall outside the scope of immunity, it would necessarily implicate the validity of his conviction and would therefore be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* holds that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. Similarly, Plaintiff fails to demonstrate that Mr. Yanasak, his public defender, was acting outside the scope of his role as advocate, and therefore has failed to allege sufficient facts to establish that he violated Plaintiff's constitutional rights. Accordingly, Plaintiff's claims against Mr. Johnson and Mr. Yanasak should be dismissed.

    2.    *Sgt. Christian J. Anderson*

Plaintiff alleges a claim of malicious prosecution against Sgt. Anderson, alleging that in response to Plaintiff's request for video footage, he responded "Mr. Griepsma, the video footage you requested in your motion on 5-22-18 is not available on our jail video system." (Dkt. # 12 at 18.) He further alleges the video was ordered by the court. (*Id.*)

Plaintiff's assertion regarding Sgt. Anderson's alleged misconduct regarding video footage does not meet the standard for a malicious prosecution claim. Moreover, it does not

---

[5] While prosecutorial immunity only protects defendants from § 1983 damage claims, and not suits for injunctive relief, Plaintiff's request for injunctive relief does not extend to the claims against Prosecutor Johnson. *Gobel v. Maricopa Cty.*, 867 F.2d 1201, 1203 n.6 (9th Cir. 1989).

REPORT AND RECOMMENDATION - 12

implicate federal constitutional concerns. Accordingly, Plaintiff's malicious prosecution claim against Sgt. Anderson should be dismissed.

### G. Unlawful DNA Swab Claim

Plaintiff alleges his Fifth Amendment rights were violated when a grievance counselor, who Plaintiff appears to allege is Brandi Blair, stated Plaintiff's Judgment and Sentence for a felony conviction from 2017 directed the Department of Corrections ("DOC") to take a DNA sample, however, it was never taken. (Dkt. # 12 at 19.) Plaintiff alleges the counselor further stated that because Plaintiff was back in DOC custody, DOC had the responsibility and authority to take a DNA sample from him. (*Id.*) Plaintiff fails to allege sufficient facts to show he has a viable liberty interest claim in his DNA, especially in light of his status as a convicted felon. (*Id.*) Accordingly, Plaintiff's unlawful DNA swab claim should be dismissed.

### H. Denial of Evidence in a Criminal Investigation

Plaintiff alleges police told emergency room personnel that he was punched in the nose once, rather than multiple times, when he was taken to the hospital after an altercation with a police officer. (Dkt. # 12 at 19). He alleges this resulted in an incomplete evaluation at the hospital, causing medical personnel to overlook a cracked tooth. (*Id.*) Plaintiff alleges his tooth needs to be removed, however, DOC would require him to waive his right to physical evidence and agree to the destruction of the tooth if it were removed. (*Id.*) Plaintiff alleges he wants the tooth to be removed and sent to an outside address, but DOC will not permit that. (*Id.*) Plaintiff further alleges Dep. Director E. Hernandez "signed the appeal to level 5 grievance, for Kevin Bovenkamp. This evidence is now discovery in this civil complaint." (*Id.*)

It is not clear from Plaintiff's allegations whether or not this claim pertains to an ongoing state criminal proceeding, especially given his status as a pretrial detainee. If his evidentiary

REPORT AND RECOMMENDATION - 13

claim does pertain to an ongoing state criminal proceeding, it would be barred by *Younger*. *Younger* abstention is appropriate where: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Younger v. Harris,* 401 U.S. 37, 91 S. Ct. 746 (1971); *Dubinka v. Judges of the Superior Ct.,* 23 F.3d 218, 223 (9th Cir. 1994). If the state criminal proceeding has concluded, it is unclear what evidentiary value a cracked tooth that is removed in 2019 would have for an incident that occurred in 2017. Further, it is unclear that allowing Plaintiff to keep his tooth after its removal raises Eighth Amendment concerns. Accordingly, Plaintiff's claim against Dep. Hernandez should be dismissed.

### I.      Denial of Medical Care by Falsifying Medical Records and Obtaining an Incomplete Medical History

Plaintiff alleges that PAC Grillo had incomplete records that contained two of Plaintiff's thyroid test results which he alleges were abnormal. (Dkt. # 12 at 20.) He alleges Superintendent Warner's response to Plaintiff's grievance, presumably about the test results, was that the grievance was unsupported. (*Id.*) Plaintiff also alleges Brandi Blair responded to his grievance by stating that "his thyroid testing was completed with normal findings per the level I response." (*Id.*) Plaintiff also alleges that PAC Grillo and Dr. Barnett signed and stamped referral denials that stated they were "reviewed by the CRC on n/d date." (*Id.*) He alleges this is evidence of the Skagit County Community Justice Center falsifying inmate trust account records regarding medical receipts "to purposefully and intentionally interfere with discovery for this civil complaint." (*Id.* at 21) He further alleges PAC Grillo received a copy of an abnormal record regarding Plaintiff's blood count and stated he would put it in Plaintiff's file but not take any action regarding treatment. (*Id.*)

REPORT AND RECOMMENDATION - 14

As discussed above, Plaintiff's apparent differing opinion than PAC Grillo's regarding proper medical treatment does not give rise to a § 1983 claim. The remaining allegations in this claim appear to raise a discovery dispute, rather than a denial of medical care claim, and the facts pled do not implicated constitutional concern. Accordingly, this claim should be dismissed.

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Plaintiff's second amended complaint, and this action, be dismissed without prejudice for failure to state a claim as to the following Defendants: Dep. Vaughn LaQuet, Dep. Elias Salinas, Dep. Brianna Rogers, Sgt. Aaron McIntosh, Sgt. Paulie Storie, Dep. Richard Eichman, Counselor Harold P. Archibald, Billy Heinsohn, Sgt. Aaron Roos, Sgt. Myish Opelencia, ARNP Sue Baerg, PAC Jacob Grillo, Sgt. Lecia Kelley, Arben Kullojka, Sheriff Reichandt, Sgt. Christian J. Anderson, John Campbell, Superintendent Michael Obenland, Superintendent Jack Warner, Sloan G. Johnson, Adam J. Yanasak, Dep. E. Hernandez, and Brandi Blair.

The Court further recommends that Plaintiff be permitted to proceed with his delayed medical care claim regarding alleged delay of medical appointments against Dr. Julia A. Barnett and his denied access to the courts claim against Miriam Dominique Kastle. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **twenty-one (21)** days after the filing of this Report and Recommendation. Objections, and any response, shall not exceed three pages. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar **fourteen (14)** days after they are served and filed. Responses to objections, if any, shall be filed no later than **fourteen (14)** days

REPORT AND RECOMMENDATION - 15

after service and filing of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on the date that objections were due.

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 19th day of April, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16