UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DAVID GRIEPSMA,

          Plaintiff,

v.

CHRISTIAN J ANDERSON, *et al.*,

          Defendants.

Case No. C19-181-RSM-MLP

ORDER

This matter comes before the Court on *pro se* Plaintiff James D. Griepsma's "Ex Parte Motion for Court to Direct D.O.C. to Deliver the Plaintiff's Legal Paperwork to the Plaintiff." (Dkt. # 30 ("Mot.").) Defendants have submitted a response. (Dkt. # 32 ("Resp.").) For the reasons discussed below, the Court finds Plaintiff's motion is premature.

**I.    DISCUSSION**

Plaintiff is a prisoner who was confined at Monroe Correctional Complex ("MCC") when this matter commenced. (*See* Dkt. # 9 ("Verified Compl.") at 3.) On April 8, 2019, Plaintiff was transferred from MCC to Washington Corrections Center ("WCC"). (Mot. at 1-2.) Plaintiff alleges that at the time of his transfer, his legal materials were packed into two boxes to also be transferred. (*Id.*) Plaintiff alleges that during his four months of confinement at WCC, he was

ORDER - 1

1  deprived of his legal materials. (*Id.* at 2.) On August 21, 2019, Plaintiff was transferred from
2  WCC to Washington State Penitentiary ("WSP"). (*Id.*) Plaintiff asserts that his two boxes of
3  legal materials were not transferred to WSP. (*Id.* at 4.) Plaintiff alleges he has paid $20.00 in
4  postage to transfer the boxes to WSP. (*Id.*) Plaintiff asserts that once the two boxes arrive at
5  WSP, Plaintiff expects that WSP's property officer "will fail to deliver my property as he is
6  currently, regarding chain bag property." (*Id.* at 4.)

7  Defendant argues Plaintiff's motion is not ripe for review by this Court because
8  Plaintiff's motion establishes that the Department of Corrections has stated its intent to mail
9  Plaintiff his two boxes of legal materials and therefore Plaintiff's concern that WSP will not
10 deliver the boxes is premature. (Resp. at 1.) "A claim is not ripe for adjudication if it rests upon
11 contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas*
12 *v. United States*, 423 U.S. 296, 300 (1998) (internal citations omitted). The Court finds that
13 Plaintiff's argument is not ripe because it appears to be based on Plaintiff's anticipation that
14 when Plaintiff's legal materials arrive at WSP on a future date, WSP will refuse to deliver them
15 to Plaintiff.[1]

16 The Court notes that Plaintiff has previously represented that he is being deprived of his
17 legal materials in this matter. (*See* Dkt. ## 16 (motion for extension of time due to denial of
18 access to legal property), 17 (supplement to motion for extension of time due to denial of access
19 to legal property).) Should Plaintiff be denied access to his legal materials after their delivery to
20 WSP, Plaintiff is not precluded from bringing a motion at that time.

---

[1] Although Plaintiff's motion appears to allege WSP's property officer is currently failing to deliver "chain bag property," it is unclear what that property is or if it contains legal materials. (Mot. at 4.)

## II. CONCLUSION

For the forgoing reason, the Court DENIES without prejudice Plaintiff's motion (dkt. # 30).

The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 7th day of October, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge