UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

    Plaintiff,

v.

CHRISTIAN J. ANDERSON, *et al.*,

    Defendants.

Case No. C19-181-RSM-MLP

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's second motion for appointment of counsel. (Dkt. # 35.) Defendant opposes Plaintiff's motion. (Dkt. # 36.) After careful consideration of the motion, the governing law, and the balance of the record, the Court finds that the complexity of the legal issues present in this case and Plaintiff's ability to articulate his claims do not constitute exceptional circumstances to justify the appointment of counsel. Plaintiff's motion for appointment of counsel (dkt. # 35) therefore is DENIED.

## II. DISCUSSION

No constitutional right to counsel exists for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social*

*Services*, 452 U.S. 18, 25 (1981). Pursuant to 28 U.S.C. § 1915(e)(1), however, this Court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The Court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

Plaintiff asserts appointment of counsel is necessary for two reasons. First, Plaintiff argues that he is being denied access to his legal materials. (Dkt. # 35 at 1.) Plaintiff previously raised this issue in a motion for the Court to direct DOC to deliver his legal paperwork, specifically two boxes of legal material. (Dkt. # 30.) In that motion, Plaintiff stated that he expected Washington State Penitentiary ("WSP") would fail to deliver his boxes of legal material when they arrived at WSP. (*Id.* at 4.) The Court found Plaintiff's motion premature and denied the motion. (Dkt. # 34.)

Plaintiff now appears to argue that he is currently being denied access to the two boxes of legal materials, rather than merely expecting to be denied access. However, Defendants have presented evidence that WSP staff met with Plaintiff on October 28, 2019 to review every folder of legal mail that Plaintiff owns. (Dkt. # 37 ("Gonzalez Decl.") at ¶ 7.) Plaintiff was allowed to determine which legal materials he wanted to keep in his cell, up to 25 pounds per WSP policy, and the rest of the material was moved to a property office. (*Id.*) Plaintiff can submit a kite with a request to exchange the legal materials in his cell with the stored materials in the property office.

(*Id.*) Thus, it appears Plaintiff has appropriate access to his legal materials and therefore his alleged access to legal materials fails to establish that exceptional circumstances exist to appoint counsel.[1]

Second, Plaintiff asserts appointment of counsel is required for him to receive equal protection under the Fourteenth Amendment. (Dkt. # 35 at 2.) The Court similarly finds this reason insufficient to establish exceptional circumstances warranting appointment of counsel. As noted above, there is no constitutional right to counsel for an indigent plaintiff in a civil case, and Plaintiff has not shown that he may lose his physical liberty if he loses this action. Further, the Court finds Plaintiff's assertion that counsel is required to "obtain and maintain physical control of the discovery/evidence" unpersuasive.[2] *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").

Further, as the Court has found before, Plaintiff has made it clear that he is fully capable of articulating his position. (*See* Dkt. # 11 (Order denying Plaintiff's first motion for appointment of counsel).) The claims in Plaintiff's amended complaint (dkt. # 12) have been presented in a manner demonstrating an adequate ability to articulate his claims *pro se*. Plaintiff has also filed, *inter alia*, a motion for extension of time to file objections to the Court's Report and

---

[1] As discussed, it appears to the Court that Plaintiff has access to his legal materials. If Plaintiff is seeking to argue that he is still being denied access to his legal materials, Plaintiff may raise this issue in a motion to compel.

[2] Plaintiff also takes issue with Defendants' answer (dkt. # 31) because it lacks declarations from Defendants. However, the Court finds Defendants' answer is sufficiently plead under the Federal Rule of Civil Procedure 8.

ORDER DENYING PLAINTIFF'S MOTION FOR
APPOINTMENT OF COUNSEL - 3

Recommendation (dkt. # 16), objections to the Court's Report and Recommendation (dkt. # 19), and a motion to direct DOC to deliver Plaintiff's legal paperwork (dkt. # 30). The Court also finds that at this stage in the litigation, with a lack of evidence to support Plaintiff's claims, it is unclear whether Plaintiff is likely to prevail on the merits. Accordingly, the Court concludes that appointment of counsel is not appropriate at this time.

### III. CONCLUSION

For the reasons stated above, the Court Plaintiff's second motion for appointment of counsel (dkt. # 35) is DENIED. Plaintiff will be free to move for appointment of counsel, if necessary, at a later date.

The Clerk is directed to send a copy of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

Dated this 1st day of November, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge