UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

          Plaintiff,

v.

CHRISTIAN J ANDERSON, *et al.*,

          Defendants.

Case No. C19-181-RSM-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's motion for extension of time to respond to Defendants' motions.[1] (Dkt. # 41 ("Pl.'s Mot.").) Although Plaintiff characterizes Defendants' First Set of Interrogatories and Requests for Production, First Set of Requests for Admissions, and Request for Statement of Damages as motions, the Court notes there are no motions from Defendants pending at this time. Rather, it appears Plaintiff's motion raises several complaints

---

[1] The Court notes that Plaintiff also filed "Plaintiff's Request for the Court to put off Disposition [sic] until the Court Reconsiders the Plaintiff's Request for Appointment of Counsel under Rule 30(d) of the Federal Rules of Civil Procedure" (dkt. # 44) and "Plaintiff's Request for Examination by an Outside Doctor, Under Rule 35 of Federal Rules of Civil Procedure" (dkt. # 45) that are noted for December 27, 2019.

ORDER - 1

regarding Defendants' pending discovery requests. (*Id.*) For the reasons discussed below, the Plaintiff's motion is GRANTED, in part, and DENIED, in part.

## II. DISCUSSION

Plaintiff's motion raises a number of issues with Defendants' various discovery requests and seeks additional time to respond to such requests. Defendants request that the Court deny an extension of time to answer the requests for admissions, but allow additional time for Plaintiff to respond to the request for a statement for damages and to the requests for interrogatories and production. (Dkt. # 42 ("Resp.") at 1-2.) Defendants also request a 60-day extension of the discovery deadline and an adjustment of the dispositive motions deadline to accommodate any extension provided to Plaintiff. (*Id.* at 2.)

### A. Delivery of Discovery Requests

Defendants mailed their discovery requests to Plaintiff. (Dkt. # 43 ("Hansen Decl.") at ¶ 3.) Plaintiff cites to the Court's service order (dkt. # 22) which states "All attorneys admitted to practice before this Court are required to file documents electronically via the Court's CM/ECF system" to argue Defendants acted improperly in mailing him their discovery requests instead of filing them electronically. (Pl.'s Mot. at 1-2.) However, the Court's scheduling order (dkt. # 33), as well as the Federal Rules of Civil Procedure and this district's local rules provide the proper procedure for conducting discovery. Pursuant to Federal Rule of Civil Procedure 5 and Local Civil Rule 5, discovery requests and responses must not be filed electronically unless they are used in the proceedings or the court orders filing. The Court finds Defendants acted properly in mailing their discovery requests to Plaintiff. Similarly, the Court finds Defendants did not violate any procedural due process in not filing their discovery requests electronically.

### B. Formatting of Discovery Requests

Plaintiff also asserts that Defendants failed to obtain the Court's permission to file over length motions for their discovery requests, citing Local Civil Rule 7(d)(1). (Pl.'s Mot. at 2.) However, Local Civil Rule 7 applies to the form and scheduling of motions, not discovery requests. The Court finds Defendants' did not act improperly in failing to obtain the Court's permission pursuant to Local Civil Rule 7. Plaintiff is strongly encouraged to consult the Federal Rules of Civil Procedure and Local Civil Rules that apply to discovery.

### C. Court Order Regarding Discovery

Plaintiff's motion also asserts that the Court denied his "motion, [Plaintiff's First Set of Interrogatories of the Defendants]" and advised there would not be any discovery requests in this matter. (Pl.'s Mot. at 3.) It is unclear to the Court which motion or order Plaintiff is referring to in his motion for extension of time. A review of the docket shows that the only orders in this matter are an order granting Plaintiff's application to proceed *in forma pauperis* (dkt. # 8), an order declining to serve complaint and granting leave to amend (dkt. # 10), an order denying Plaintiff's motion for appointment of counsel (dkt. # 11), an order granting Plaintiff's motion for extension of time (dkt. # 18), an order adopting report and recommendation (dkt. # 21), an order directing service (dkt. # 22), an order denying Plaintiff's motion for the Court to direct DOC to deliver Plaintiff's legal paperwork (dkt. # 34), and an order denying Plaintiff's second motion for appointment of counsel (dkt. # 38). Plaintiff is advised that there have been no orders from the Court preventing discovery in this matter.

### D. Extension of Time

Plaintiff cites to Local Civil Rule 7(g)(4) for the proposition that he is not required to respond to Defendants' discovery requests unless ordered to do so by the Court. (Pl.'s Mot. at 4.)

As discussed above, Local Civil Rule 7 applies to motions, not discovery. Title V of the Federal Rules of Civil Procedure applies to discovery and dictates deadlines for responding to discovery requests, which Plaintiff must comply with.[2]

Alternatively, Plaintiff requests a 90-day extension to respond to Defendants' motion. (Pl.'s Mot. at 4.) Defendants served their discovery requests on November 5, 2019. (Hansen Decl. at ¶ 3.) The deadline to respond to Defendants' Request for a Statement of Damages was November 20, 2019. (Resp. at 5; Pl.'s Mot. at 2.) The deadline for Plaintiff to answer and respond to Defendants' Interrogatories, Requests for Production, and Requests for Admissions was December 6, 2019. (Resp. at 5.) Although Defendants object to the Court granting Plaintiff additional time to respond to their requests for admission, and request instead that they be admitted pursuant to Federal Rule of Civil Procedure 36(a)(3), the Court finds the confusion in this matter regarding discovery warrants an extension of time. However, the Court declines to grant a 90-day extension. Plaintiff has until **January 20, 2020** to respond to Defendants' First Set of Interrogatories and Requests for Production, First Set of Requests for Admissions, and Request for Statement of Damages. The discovery deadline is amended to March 2, 2020 and the dispositive motions deadline is amended to April 2, 2020.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for an extension of time (dkt. # 41) is GRANTED, in part, and DENIED, in part. Plaintiff is strongly encouraged to consult the Federal Rules of Civil Procedure, this district's Local Civil Rules, and the Court's pro se manual, "Filing

\\

---

[2] Plaintiff's motion also appears to raise broad objections to Defendants' discovery requests, including that they are irrelevant and impose an undue burden. (Pl.'s Mot. at 4.) Because Plaintiff has not identified which discovery requests he objects to, the Court is unable to construe his motion as a motion for a protective order.

ORDER - 4

a Complaint in your Own Behalf" before filing motions with the Court.

The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 13th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge