UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DAVID GRIEPSMA,

    Plaintiff,

v.

CHRISTIAN J. ANDERSON, *et al.*,

    Defendants.

Case No. C19-181-RSM-MLP

ORDER

## I.    INTRODUCTION

This matter is before the Court on Plaintiff's "Request for the Court to Put off Disposition until the Court Reconsiders Plaintiff's Request for Appointment of Counsel Under Rule 30(d) of the Federal Rules of Civil Procedure" (dkt. # 44) and "Request for Examination by an Outside Doctor, Under Rule 35 of the Federal Rules of Civil Procedure" (dkt. # 45). Defendants oppose both motions. (*See* Dkt. ## 48, 49.) For the reasons discussed below, Plaintiff's motions are DENIED.

## II.    DISCUSSION

Plaintiff is proceeding *pro se* in this 42 U.S.C. § 1983 action. Plaintiff has previously filed two motions for appointment of counsel (dkt. ## 1-4, 35), a motion regarding his anticipated access to legal materials (dkt. # 30), and a motion regarding, *inter alia*, his

ORDER - 1

requirement to respond to Defendants' discovery requests (dkt. # 41). The Court denied Plaintiff's motions for appointment of counsel, citing the lack of complexity of the claims in this matter as well as Plaintiff's demonstrated ability to adequately articulate his arguments. (*See* Dkt. ## 11, 38.) The Court also found Plaintiff's motion for access to legal materials premature, as his legal materials were in transit to the facility that Plaintiff was housed at the time his motion became ripe for consideration. (*See* Dkt. # 34.) Lastly, the Court directed Plaintiff to comply with the Federal Rules of Civil Procedure and respond to Defendants' discovery responses. (*See* Dkt. # 47.) Plaintiff's current motions request an examination from an outside doctor and that the Court revisit Plaintiff's request for appointment of counsel. The Court will address each motion below.

    **A.**    **Reconsideration of Request for Appointment of Counsel**

Plaintiff requests the Court "put off dispositions" until it reconsiders his request for appointment of counsel. (Dkt. # 44 at 1.) As Defendants point out, there are several defects with Plaintiff's motion. First, there is no motion for reconsideration pending before the Court. Second, even if the Court were to construe Plaintiff's request as a motion for reconsideration, it was not filed within 14 days of the original motion for appointment of counsel and therefore does not comply with LCR 7. Further, Plaintiff has not presented any new arguments that would warrant granting a motion for reconsideration. LCR 7(h)(1) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff's motion simply reasserts that access to the law library and other resources are limited at the facility in that he is housed, which restricts him from conducting trial preparation. (*See* Dkt. # 44 at 1-2.) The Court previously found these reasons insufficient to appoint counsel. (Dkt. # 38

ORDER - 2

(Order Denying Motion for Appointment of Counsel) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel].").)

Plaintiff also asserts that he "may be unsure when to raise his 5th Amendment Right Against Self Incrimination" and is concerned he may be asked something that could be used against him in a criminal prosecution. (Dkt. # 44 at 2.) Plaintiff does not provide any detail regarding what questions he is concerned about, and the Court is unaware of any ongoing criminal prosecution. (*Id.*) While the Court understands Plaintiff's concern, he has not provided sufficient information to warrant appointment of counsel. The Court notes that Plaintiff elected to bring this case against Defendants and he therefore has the burden to prosecute his case, including responding to properly brought discovery requests.

**B.     Request for Examination by an Outside Doctor**

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes the Court to order a party whose mental or physical condition "is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Such an examination is justified if a party's medical condition is in controversy and good cause exists. *Schlagenhauf v. Holder*, 379 U.S. 104, 119-20 (1964).

The only allegation against the remaining Defendants in this matter that relate to Plaintiff's medical condition is the allegation that Dr. Barnett delayed his medical appointments which allegedly caused him, *inter alia*, constant pain, breathing difficulties, anxiety, and

depression. (Dkt. # 12 ("Am. Compl.") at 10.) In Plaintiff's motion for outside examination, he asserts that he has been denied the right to adequate medical treatment and to "outside of D.O.C. Doctor." (Dkt. # 45 at 2.) Plaintiff further asserts that Defendants have requested information through their discovery requests that D.O.C. will not provide to him. (*Id.*) Plaintiff therefore "raise[s] [his] Due Process rights to obtain relevant evidence, pursuant to Rule 26(b)(1) and [his] right to be seen by outside doctor under Rule 35 of Federal Rule of Civil Procedure." (*Id.*)

Defendants oppose Plaintiff's motion, arguing that *pro se* indigent prisoners cannot be examined by an outside doctor at government expense. (Dkt. # 49 at 1-3.) Defendants also submitted evidence that Plaintiff can access his medical records by submitting a medical records review to the Washington State Penitentiary ("WSP") Medical Clinic. (*See* Dkt. # 50 ("Window Decl.") at ¶ 4.) Although inmates housed in the Intensive Management Unit ("IMU"), as Plaintiff is, have limited access outside their living unit, he may submit a medical records review kite which will result in his records being brought to the IMU for his review. (*Id.* at ¶ 5.) Further, WSP permits inmates housed in the IMU to keep one legal size box of legal material in their cell. (*Id.* at ¶ 6.) Any additional legal materials are stored elsewhere but can be accessed through the kite system. (*Id.*)

The Court finds the vague allegations in Plaintiff's complaint and conclusory assertions in the instant motion fail to establish good cause for an independent medical examination pursuant to Rule 35. Further, as Defendants argue, it has been held that "Rule 35 does not allow for a physical examination of oneself…" *Berg v. Prison Health Services*, 376 Fed.Appx. 723, 724 (9th Cir. 2010); *see also Smith v. Carroll*, 602 F.Supp.2d 521, 526 (D. Del. 2009) (stating that Rule 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself"). Finally, Plaintiff has not demonstrated the ability to pay for

the costs of an independent medical examination. *See Patton v. Hollingsworth*, No. 2:14-cv-00519-LDG-PAL, 2015 WL 1877426, at *1 (D. Nev. April 22, 2015) ("Rule 35 does not authorize [pro se prisoner plaintiff] to seek his own free examination to obtain evidence to prosecute his case.").

The Court also notes that it appears Plaintiff's primary concern is about accessing his medical records. Based on the record, there are methods available to Plaintiff to obtain his medical records. Accordingly, Plaintiff's motion for examination by an outside provider pursuant to Rule 35 is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion to put off disposition until after reconsideration of Plaintiff's request for appointment of counsel (dkt. # 44) and motion for examination by an outside doctor (dkt. # 45) are DENIED.

The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 7th day of December, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge