UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

        Plaintiff,

v.

CHRISTIAN J ANDERSON, *et al.*,

        Defendants.

Case No. C19-181-RSM-MLP

ORDER

## I. INTRODUCTION

This matter is before the Court on Plaintiff's "Proposed Motion for Separate Trials by Jury Pursuant of Rule 42(B)." (Dkt. # 53.) Defendants oppose Plaintiff's motion (dkt. # 55), and Plaintiff submitted a reply (dkt. # 56). Having considered the motion, the opposition, the reply, and the balance of the record, the Court hereby orders that Plaintiff's motion is denied.

## II. BACKGROUND

Plaintiff, proceeding *pro se*, filed a 42 U.S.C. § 1983 second amended complaint raising claims against twenty-five defendants. (Dkt. # 12.) The undersigned submitted a Report and Recommendation recommending Plaintiff's action be dismissed against twenty-three of the named defendants. (Dkt. # 13.) The Honorable Richard S. Martinez adopted the Report and

ORDER - 1

Recommendation, dismissing all Defendants except for Defendants Dr. Barnett and Kastle. (Dkt. # 21.) Plaintiff's remaining claims allege Defendant Dr. Barnett delayed scheduling a medical appointment in violation of the Eighth Amendment and that Defendant Kastle denied him access to the courts by keeping DVDs of discovery regarding his on-going criminal matter on her desk for approximately four months without giving them to him. (Dkt. # 12 at 8, 14.) Plaintiff alleges that even after he was given the DVDs, he has been unable to review the them because whatever device he is using cannot support them, they have been altered or tampered with, and some DVDs are missing. (*Id.* at 14.)

### III. DISCUSSION

Federal Rule of Civil Procedure 42(b) grants courts the authority to "order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Courts may order separate trials to achieve "convenience, to avoid prejudice, or to expedite and economize" the proceedings. *Id.* Decisions regarding bifurcation are left to the trial court's sound discretion. *Hirst v. Gertzen*, 676 F.2d 1252 1261 (9th Cir. 1982). Bifurcation is appropriate when it simplifies the issues for the jury and avoids the danger of unnecessary jury confusion. *Id.* Separate trials are the exception, not the rule. *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004).

Here, Plaintiff moves for separate trials for the following reasons: (1) convenience; (2) to expedite and economize; (3) because there are separate issues, claims, and Defendants; and (4) it would be in his best interest due to his indigency and lack of financial resources. (Dkt. # 53 at 1.) Defendants argue bifurcation of Plaintiff's claims is unwarranted. (Dkt. # 55 at 4.) Specifically, Defendants argue Plaintiff failed to provide any factual or legal basis to support his motion other

than to assert that he may not be able to present extensive expert testimony as a *pro se* litigant.[1] Defendants further argue both events underlying Plaintiff's claims occurred during Plaintiff's incarceration at Monroe Correctional Complex in 2016, which would necessarily involve overlapping evidence. (*Id.*) Defendants also argue Plaintiff has not met his burden to show he would be unduly prejudiced by being limited to one trial. (*Id.*)

In his reply, Plaintiff argues Defendants are retaliating against him for exercising his due process rights and right to self-representation by opposing his motion for separate trials, asserting such opposition constitutes harassment and abuse of the courts. (Dkt. # 56 at 1.) In support of his argument, Plaintiff cites to Defendants' alleged "attack" of the limited caselaw cited in his motion and asserts Defendants' opposition is harassing or abusive because it "expect[s] [Plaintiff] to make a bar licensed attorney equivalent argument for raising court rules." (*Id.*) Plaintiff also asserts Defendants' representation that Plaintiff's claims involve overlapping evidence is false. (*Id.* at 1-2.) Plaintiff further cites to case law regarding incarcerated defendants' access to legal materials.[2] (*Id.* at 2.)

The Court finds no retaliation, harassment, or abuse in Defendants' opposition to Plaintiff's motion. The crux of Plaintiff's argument appears to be that Defendants are acting improperly by opposing his motion because they are represented by counsel and he is not. Although Plaintiff is proceeding as a *pro se* prisoner in this matter, he, like other civil litigants, is

---

[1] Plaintiff cited *Jordan v. Gardner*, 986 F.2d 1521 (9th Cir. 1993) seemingly in support of his assertion regarding expert testimony.

[2] Plaintiff has raised the issue of lack of access to legal materials previously in several motions. (Dkt. ## 30, 35.) Each time the Court found Plaintiff has adequate access to legal materials. (Dkt. ## 34, 38.) It is unclear if Plaintiff is again asserting that he lacks access to his legal materials. There is no pending motion to compel access to legal materials before the Court and Plaintiff has not presented any new facts or arguments suggesting there has been a change in his housing situation that denies him access to legal materials.

ORDER - 3

required to comply with both the federal civil and local rules of civil procedure, notwithstanding the Court's obligation "to make reasonable allowances for pro se litigants and to read pro se papers liberally." *McCabe v. Arave,* 827 F.2d 634, 640 n.6 (9th Cir. 1987); *see also Bias v. Moynihan,* 508 F.3d 1212, 1223 (9th Cir. 2007). This means that if Plaintiff elects to file a motion for relief in this action, he is required to provide an adequate legal and factual basis for his request. Thus, if Plaintiff seeks to bifurcate his claims, he must provide sufficient reasons to show separate trials are appropriate, which he has not done in the instant motion.

Plaintiff also argues he is not required to "reveal his strategy" to Defendants and that Defendants have not provided a reason as to why they oppose his motion for separate trials. (*Id.*) Plaintiff's argument misplaces his burden. *See Spectra–Physics Lasers, Inc. v. Uniphase Corp.,* 144 F.R.D. 99, 101 (N.D. Cal. 1992) (the moving party has the burden of proving that bifurcation will promote judicial economy or avoid inconvenience or prejudice to the parties.) As discussed above, Plaintiff is required to provide sufficient reasons as to why the Court should order separate trials. It is not enough to merely state in a conclusory fashion that separate trials would promote convenience, avoid prejudice, and/or expedite and economize.

Plaintiff's claims against the two remaining Defendants are straight forward and unlikely to create unnecessary jury confusion if tried together. As noted by Defendants, Plaintiff's claims arise out of his interactions with employees at Monroe Correctional Complex during the same time period, and it would be less convenient to force the parties to litigate two separate actions. Further, ordering separate trials would likely prolong this matter at a greater cost, rather than expedite and economize. Although Plaintiff asserts that prosecuting two actions would be in his best interest, it appears it would be more burdensome than beneficial considering Plaintiff's indigent status. Lastly, Plaintiff has not shown he would be prejudiced by having only one trial.

ORDER - 4

Accordingly, Plaintiff has not presented a good reason for the Court to grant his motion for separate trials.

### IV. CONCLUSION

For the foregoing reasons, the Court orders that Plaintiff's motion (dkt. # 53) is DENIED. The Clerk is directed to send copies of this order to the parties and to the Honorable Ricardo S. Martinez.

Dated this 16th day of March, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 5