1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES D. GRIEPSMA,

Plaintiff,

v.

CHRISTIAN J. ANDERSON, *et al.*,

Defendants.

Case No. C19-181-RSM

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING ACTION

## I.     INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R & R") of the Honorable Michelle L. Peterson, United States Magistrate Judge.  Dkt. #86.  Plaintiff James D. Griepsma, proceeding pro se, brings this 42 U.S.C. § 1983 action against Defendants Dr. Julia Barnett and law librarian Miriam Dominique (collectively, "Defendants").   The R & R recommends granting Defendants' motion for summary judgment, Dkt. #59, and dismissing Plaintiff's remaining claims with prejudice.  The Court finds oral argument unnecessary to rule on the R & R.  Having considered Plaintiff's Objections, Dkt. #88, Defendants' Response, Dkt. #89, and the remainder of the record, the Court approves and adopts the R & R recommending summary judgment dismissal of Plaintiff's remaining claims.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 1

## II.    BACKGROUND

The Court incorporates by reference the procedural and factual background set forth in the R & R.  *See* Dkt. #86 at 2-4, 5-9.  Plaintiff alleges violations of his constitutional rights during his pretrial detention at the Monroe Correctional Complex–Intensive Management Unit ("MCC-IMU") and the Skagit Community Justice Center.  Dkt. #12.  On August 1, 2019, this Court adopted Judge Peterson's R & R recommending dismissal of claims against all defendants except for Dr. Barnett and Ms. Kastle.  Plaintiff's remaining claims allege that (1) Dr. Barnett delayed Plaintiff's medical care at MCC-IMU; and (2) Ms. Kastle delayed and interfered with Plaintiff's law library access.  *Id.* at 7-10, 13-18.

On April 2, 2020, Defendants moved for summary judgment on Plaintiff's remaining claims based on (1) failure to raise a genuine issue of material fact to support a Section 1983 claim against Dr. Barnett or Ms. Kastle; and (2) Dr. Barnett's and Ms. Kastle's qualified immunity.  Dkt. #59.  The R & R concluded that Plaintiff's allegations failed as a matter of law against Dr. Barnett and Ms. Kastle in the first instance and therefore declined to address whether Defendants are entitled to qualified immunity.  Dkt. #86 at 11, n.6.

Plaintiff filed Objections on July 31, 2020, and Defendants responded on August 12, 2020.  Dkts. #88, #89. Plaintiff has attached 36 additional pages of documents entitled "Declaration of James D. Griepsma in Support of Plaintiff's Objections" and "Statement of Disputed Facts and of Disputed Issues, *see* Dkt. #88 at 7-43, but Objections and Responses were limited to three pages.  Dkt. #86 at 17.  Accordingly, this Court's review is properly limited to Plaintiff's three pages of Objections.  *See* Dkt. #88 at 3-5.

//

//

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 2

# III.    DISCUSSION

## A.  Legal Standards

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id*.  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews de novo those portions of the report and recommendation to which specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, (1986).  Material facts are those which might affect the outcome of the suit under governing law.  *Id.* at 248.  In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial."  *Crane v. Conoco, Inc.,* 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers,* 969 F.2d 744, 747 (9th Cir. 1992)).  On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party.  *Anderson,* 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy,* 365 F.3d 827, 832 (9th Cir. 2004).  However, the non-moving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  Where the non-moving party fails to properly support an assertion of fact or

1   fails to properly address the moving party's assertions of fact, the Court will accept the fact as

2   undisputed.  Fed. R. Civ. P. 56(e).

3   **B. Plaintiff's Claims against Dr. Barnett and Ms. Kastle**

4        Plaintiff objects to summary judgment dismissal on the basis that he provided adequate

5   facts to support his Section 1983 claims against Dr. Barnett for delayed medical care and Ms.

6   Kastle for delays and interference with his law library access.  He also raises several generalized

7   objections to Judge Peterson's treatment of his claims. The Court will address each category of

8   objections in turn.

9            i.  Claims against Dr. Barnett

10       Plaintiff claims that Dr. Barnett violated his Eighth Amendment rights by (1) failing to

11   timely schedule medical appointments with him; (2) falsifying Care Review Committee ("CRC")

12   forms that denied his requests to consult with specialists; and (3) keeping incomplete medical

13   records. Dkt. #12. The Court previously determined that only Plaintiff's claim related to delayed

14   medical appointments may proceed.  Dkt. #13 at 8 (*approved and adopted by* Dkt. #21).[1]

15   Accordingly, the Court's review is properly limited to Plaintiff's claims related to Dr. Barnett's

16   scheduling of his medical appointments.

17       The R & R correctly analyzed Plaintiff's delayed medical care claim under the Due

18   Process Clause of the Fourteenth Amendment instead of the Eighth Amendment, given that the

19   alleged conduct occurred during Plaintiff's confinement as a pretrial detainee.  Dkt. #86 at 11

20   (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)).  A pretrial detainee's right to adequate medical

21

22            —————————————

23   [1] Plaintiff also appears to raise an objection related to his Fourteenth Amendment due process violation. *See* Dkt. #88 at 4.  Because this Court previously dismissed Plaintiff's due process claim, *see* Dkt. #13 at 9, n.3, it need not consider it here.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 4

care is evaluated under the objective deliberate indifference standard:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  A serious medical need exists if the failure to treat an inmate's condition "could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Plaintiff objects that the R & R misrepresented and/or ignored evidence in the record and demonstrated partiality towards Defendants.  Specifically, he objects to the R & R's findings that his medical treatment was subject to the Offender Health Plan, and that the undisputed facts show his health concerns were adequately and appropriately addressed by Dr. Barnett, that he received regular and appropriate medical attention in response to his various ailments, and that he did not sustain any substantial risk of serious harm.  Dkt. #88 at 3-5.  The Court finds his objections conclusory and unsupported, as they largely repeat arguments previously raised, *see generally* Dkt. #71, without identifying evidence in the record to support his position.

Having reviewed the record, this Court finds no material dispute of fact that Dr. Barnett did not demonstrate objective deliberate indifference to Plaintiff's medical needs.  Contrary to Plaintiff's objection, the record makes clear that Plaintiff's healthcare was regulated by the

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 5

Offender Health Plan and not Intrastate Agreement No. K8291.[2]  It likewise shows that Dr. Barnett actively reviewed and assessed the reports from Plaintiff's primary care provider, Certified Physician Assistant Jacob Grill, to treat Plaintiff throughout his time at MCC-IMU.  *See, e.g.*, Dkts. #4-1 at 58; #4-3 at 21-22, 44, 46, 53.  While Plaintiff alleges delays between requesting and receiving an appointment with Dr. Barnett, he offers no evidence to show that delays resulted in "further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotations omitted).  Finally, to the extent Plaintiff objects to Dr. Barnett's medical assessments, he has failed to demonstrate substantial risk of serious harm as opposed to merely a difference of opinion.  *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (difference of opinion between inmate and medical authorities regarding proper medical treatment does not give rise to Section 1983 claim).

For these reasons, the Court finds that Plaintiff has failed to raise a material dispute of fact to maintain his claim against Dr. Barnett.

ii.  <u>Claims against Ms. Kastle</u>

Plaintiff claims that Ms. Kastle, as MCC-IMU's law librarian, violated his constitutional right to access the courts by interfering and delaying preparation of his motions for filing by (1) failing to make copies for him due to her work schedule; (2) failing to provide five DVDs of discovery related to his ongoing criminal matter; and (3) failing to sign for the delivery of a sixth DVD of discovery.  Dkt. #12 at 13-14, 17-18.  Construing Plaintiff's claims liberally, the R & R

---

[2] Intrastate Agreement No. K8291 addresses work division and cost reimbursement for between Skagit County and Washington Department of Corrections ("DOC") for Plaintiff's care while housed at MCC-IMU, whereas the Offender Health Plan describes the criteria and process for determining what health services DOC would provide to inmates.  *See* Dkts. #4-1 at 32-33, Dkt. #4-3 at 50; *see also* Washington Offender Health Plan, DOC, available at <u>https://www.doc.wa.gov/corrections/services/health.htm#ohp</u> (setting forth criteria for services provided to inmates at DOC facilities).

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 6

considered his claims under both (a) the right to affirmative legal assistance, which imposes a

duty on prison officials to assist inmates in the preparation of filing of meaningful legal papers;

and (b) the right to litigate without active interference, which prohibits prison authorities from

actively interfering with a prisoner's right to file civil actions in court that have a reasonable basis

in law or fact. Dkt. #86 at 14-16 (citing *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011),

*overruled on other grounds*, *Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015)).

The R & R concluded that Plaintiff's claims against Ms. Kastle failed to allege sufficient facts

demonstrating an access to courts claim of either type. *Id.* at 16.

Plaintiff objects to the R & R's findings by claiming that Ms. Kastle failed to timely

provide criminal discovery DVDs, failed to sign for their delivery, denied Plaintiff access to

headphones for audio discovery, only provided requested case law once, failed to provide legal

knowledge and envelopes for Plaintiff to mail motions or contact potential attorneys, and caused

Plaintiff to lose a jury trial due to her repeated delays and interference. Dkt. #88 at 5. Again,

Plaintiff provides no support for these conclusory arguments and, moreover, fails to demonstrate

that such actions rise to the level of a constitutional violation.

The Court finds that the undisputed facts in the record fail to support a claim that Ms.

Kastle violated Defendant's affirmative right to legal assistance or violated his right to litigate

without active interference. As an initial matter, the record shows that Plaintiff was assisted by

court-ordered standby counsel and a court-ordered investigator during his confinement at MCC-

IMU. Dkt. #4-4 at 51-53. Indeed, Plaintiff's Second Amended Complaint confirms that he

utilized the investigator for assistance with his litigation. Dkt. #12 at 17-18. Likewise, the record

offers no evidence that Ms. Kastle actively interfered with his ability to litigate. On the contrary,

Plaintiff's kite requests, receipts of legal media materials, and declaration reflect Ms. Kastle's

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 7

regular correspondence and assistance with Plaintiff's requests, including making copies, answering questions, and securing software to view the DVDs to the extent DOC policy permitted and when she was scheduled to work. *See* Dkt. #4-4 at 41-43, 45-48, 54-55, 65-68; Dkt. #72 at 3. To the extent Ms. Kastle failed to promptly respond to Plaintiff or had difficulty accessing the DVDs, such actions do not rise to the level of active interference with Plaintiff's right to litigate. *Silva*, 658 F.3d at 1102.

For these reasons, the Court finds that the R & R properly concluded that Plaintiff's claims against Ms. Kastle for violation of his right to access the courts fail as a matter of law.

### iii. Generalized Objections against Judge Peterson

Finally, Plaintiff raises general objections to Judge Peterson's treatment of his claims, including allegations of procedural misconduct, perjury, fraud, libel, contempt, abuse of office, obstruction of justice, and partiality towards Defendants. Dkt. #88 at 3-5. Plaintiff's claims are vague, conclusory, and unsupported by the record, and appear to be based on his general disagreement with the the R & R and Judge Peterson's previous rulings in this action. They do not demonstrate error in the findings and conclusions of the R & R and offer no basis for this Court to decline adopting the R & R.

## IV.   CONCLUSION

Having reviewed Plaintiff's Second Amended Complaint, the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, Plaintiff's objections thereto, Defendant's response, and the remaining record, the Court hereby finds and ORDERS as follows:

(1)     The Report and Recommendation, Dkt. #86, is approved and adopted.

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 8

(2)    Defendants' Motion for Summary Judgment, Dkt. #59, is GRANTED, and Plaintiff's Second Amended § 1983 Complaint, Dkt. #12, and this action are DISMISSED with prejudice;

(3)    Plaintiff's Motion to be Present During Jury Trial and to Submit Additional Defendant's Interrogatory Information Requested, Dkt. # 62, Plaintiff's Objections to this Court's previously filed Report and Recommendation, Dkt. # 73, and Plaintiff's "Petition for Writ of Habeas Corpus Ad Testificandum for Production of Incarcerated Witness," Dkt. # 79, are DENIED as moot;

(4)    Defendants' Motion to Strike Plaintiff's "Proposed Objections to Defendants' Reply Supporting Summary Judgment Motion," Dkt. #85, is GRANTED and Plaintiff's "Proposed Objections to Defendants' Reply Supporting Summary Judgment Motion," Dkt. # 84, is DENIED and STRICKEN as an unauthorized responsive brief;

(5)    Plaintiff's Motion for Appointment of Counsel, Dkt. # 78, is DENIED; and

(6)    The Clerk is directed to send copies of this Order to the Parties.


DATED this 22nd day of October, 2020.




RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION - 9